UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORONDE COLEMAN, | Case No.: 2:25-cv-01566-APG-BNW |
| Plaintiff | **Order on Reports and Recommendations** |
| v. | [ECF Nos. 3, 5, 8] |
| THOMAS A. ERICSSON, | |
| Defendant | |

On September 4, 2025, Magistrate Judge Weksler recommended that I dismiss with prejudice plaintiff Oronde Coleman's complaint under 42 U.S.C. § 1983 because his former criminal defense attorney, Thomas Ericsson, did not act under color of state law. ECF No. 3 at 2-3. She also noted that Coleman's assertion that Ericsson was ineffective is not a cognizable claim under § 1983. *Id.* at 3.

Coleman filed motions to proceed with his ineffective assistance of counsel claim and to dismiss counsel in his underlying state criminal case. ECF Nos. 5, 6. Magistrate Judge Weksler denied Coleman's motion for new counsel to be appointed without prejudice for Coleman to raise that motion in the state court where his criminal charges are pending. ECF No. 8. Judge Weksler recommended that I deny the motion to proceed on the ineffective assistance of counsel claim "without leave to amend in this case and with leave to file in the appropriate court at the appropriate time." *Id.*

Coleman did not timely object. Thus, I am not obligated to conduct a de novo review of the report and recommendation. 28 U.S.C. § 636(b)(1) (requiring district courts to "make a de novo determination of those portions of the report or specified proposed findings to which objection is made"); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en

banc) ("the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise" (emphasis in original)).

I THEREFORE ORDER that Magistrate Judge Weksler's reports and recommendations **(ECF Nos. 3, 8) are accepted**, plaintiff Oronde Coleman's motion to proceed with his ineffective assistance of counsel claim **(ECF No. 5) is denied**.

I FURTHER ORDER that plaintiff Oronde Coleman's claims under 42 U.S.C. § 1983 against his former criminal defense attorney, Thomas Ericsson, for Sixth or Fourteenth Amendment violations are dismissed with prejudice. Coleman's allegation that Ericsson was ineffective is dismissed without leave to amend in this case and with leave to file in the appropriate court at the appropriate time.

I FURTHER ORDER the clerk of court is instructed to enter judgment in favor of the defendant and against the plaintiff consistent with this order, and to close this case.

DATED this 23rd day of October, 2025.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

2